UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| OMAX CORPORATION, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   vs. | ) | 1:09-cv-1462-TWP-TAB |
| | ) | |
| WATERJET FABRICATING LLC, | ) | |
|     Defendant. | ) | |

## ORDER GRANTING MOTION TO DISMISS[1]

Defendant, Waterjet Fabricating, LLC ("Waterjet"), leased a machine manufactured by Plaintiff, Omax Corporation ("Omax"), from a leasing company, Popular Equipment Finance Corporation ("PEF"). The equipment failed during the course of the lease and while under warranty. Omax offered to fix the machine, but instead of waiting the two to three weeks the repair would take, Waterjet agreed to accept an upgraded machine to replace the first. Omax claims that as a part of that agreement to take the upgraded machine, Waterjet also agreed to accept a lease modification which would increase the price of the lease by $25,000.

The new upgraded machine was delivered to Waterjet and a few months later, lease modification documents were sent to Waterjet by TCF Financing ("TCF"), a company which had purchased PEF. Waterjet refused to execute the lease modification

---

[1] The factual recitations in this order are based upon the allegations of the Complaint and, for the purposes of deciding this motion, are assumed to be true.

documents, instead offering to pay only $10,000 for the upgraded machine.  Because of the refusal of Waterjet to pay the $25,000 increase, Omax tried to arrange a time to substitute the older model machine for the upgraded machine then in the possession of Waterjet, as an alternative way to meet its warranty obligations, but Waterjet refused to give up the upgraded machine.  Omax then sent Waterjet a letter demanding that Waterjet either accept a warranty replacement machine of the original model leased or execute the lease modification for the additional $25,000 it had agreed to pay for the upgraded machine.  When Waterjet failed to respond to the letter, Omax filed this three count lawsuit, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Waterjet has filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #12), claiming the amount in controversy is insufficient to vest jurisdiction with this Court.  Omar asserts that because it is seeking treble damages in connection with its claim of criminal conversion and would be entitled to attorney fees if successful, the requirement that the amount in controversy be in excess of $75,000 has been met.

*Discussion*

Federal jurisdiction premised on diversity of citizenship also requires that there be more than $75,000 be in controversy.  Where the defendant challenges the plaintiff's assertion of the amount in controversy, plaintiff must support the assertion that sufficient dollars are in controversy with proof by a preponderance of the evidence.  *McMillian v.*

*Sheraton Chicago Hotel & Towers,* 567 F.3d 839, 844 (7th Cir. 2009).  To satisfy this burden, a party must do more than "point to the theoretical availability of certain categories of damages." *Id.* (quoting *Am. Bankers Life Assur. of Florida v. Evans*, 319 F.3d 907, 909 (7th Cir.2003).

   Omax argues that it could recover treble damages under Indiana's Crime Victims Act, Ind. Code § 34-24-3-1,  as a victim of criminal conversion because Waterjet has paid none of the $25,000 it owes for the increased machine lease and has not cooperated with Omax's efforts to switch machines so that Waterjet would have the model of machine it originally leased.  The problem with this assertion is that Omax has also pled sufficient additional facts for the Court to find that this is not an issue of criminal conversion; rather, it is a commercial dispute between Waterjet and Omax and perhaps the leasing company as well.[2]   Where in order to prevail a plaintiff would need to contradict some of the allegations of the complaint, that plaintiff has pled himself out of the case.  *Tamayo v. Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008).

   We know from the complaint that Waterjet paid to lease a machine that was to operate over an extended period of time.  The machine did not remain operational during the entirety of the lease and, because of warranty provisions, the machine's manufacturer

---

[2] It seems somewhat peculiar, but not a key to our decision, that neither the original leasing company nor its successor are named parties to the lawsuit.  It appears that the provisions of the original lease have a significant bearing on the circumstances of the case and, if typical of many equipment leasing arrangements, the leasing company was, at least temporarily, the owner of the machine.

was responsible for rectifying the situation by providing an operational machine.  Omax, the manufacturer, voluntarily substituted the upgraded machine in return for a lease modification.  Omax and Waterjet agree that there was to be a lease modification, but disagree as to the amount of the increase in that modification.  The disagreement is whether the modification should be for $25,000 or $10,000.

Omax is not a crime victim under the circumstances pled and could never recover treble damages in this Court.

> In any criminal conversion action, criminal intent is an essential element which must be proven. It is this *mens rea* requirement that differentiates criminal conversion from the more innocent breach of contract or failure to pay a debt situation that the criminal conversion statute was not intended to reach.

*NationsCredit Commercial Corp. v. Graul Enterprises, Inc.,* 703 N.E.2d 1072, 1078 (Ind. App. 1998)(citations omitted).  Nothing more than Omax's own pleadings are necessary to discern that Omax and Waterjet have a commercial dispute over $15,000 which centers around the value of a machine upgrade and any losses that Waterjet may be seeking to recoup for the performance issues associated with the first machine.  This case belongs somewhere other than this Court, as the amount in controversy does not meet the minimum threshold of $75,000 for federal jurisdiction.

*Conclusion*

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #12) is GRANTED and this case is ordered dismissed without consideration of its merits.

IT IS SO ORDERED THIS 7th DAY OF JULY, 2010.

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Copies to:

Sonia S. Chen
BINGHAM MCHALE LLP
schen@binghammchale.com

Jason R. Delk
BEASLEY & GILKISON, LLP
delk@beasleylaw.com

Scott R. Leisz
BINGHAM MCHALE, LLP
sleisz@binghammchale.com